IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30484
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

PETER TOOGOOD,

                                        Defendant-Appellant.

------------------------------------------------------------------


_____

No. 00-30946
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

JOHN WILLIAMSON,

                                        Defendant-Appellant.
_____

          Appeals from the United States District Court
             for the Eastern District of Louisiana
                      (99-CR-389-1-J)
_____
                      August 24, 2001

Before JOLLY, SMITH, and WIENER, Circuit Judges.


1

E. GRADY JOLLY, Circuit Judge:[*]

Peter Toogood and his uncle, John Williamson, were both indicted on charges of unlawfully transporting in interstate commerce more than $5,000 knowing that it was stolen or converted by fraud. Toogood and Williamson both pleaded guilty pursuant to a written plea agreement and now challenge the district court's decision to depart upward in sentencing both defendants. Finding no error in the upward departure given both defendants in this case, we AFFIRM.

I

Toogood and Williamson engaged in a lengthy and concerted effort to defraud the 83-year old female victim in this case. Each defendant appeared at the victim's home on multiple occasions. They posed as repairmen, fiddled with her fuse box, and then told her that they had fixed the problems. They demanded $40,000 on one occasion and $20,000 on another for these "repairs." To meet their demands, the victim went with them to various banks and financial institutions, where they cajoled or forced her to make withdrawals. On another occasion, the defendants purchased two watches for $31,550 on the victim's credit card and entered the victim's residence after the UPS package containing the watches arrived at her home. They ultimately defrauded her out of approximately

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$101,000.  After the scheme was uncovered, the victim told the probation officer that she had been afraid to report what had happened out of fear for her life.

Toogood's presentence report ("PSR") identified the following factors as possibly warranting an upward departure:  The loss did not fully capture the harmfulness of the conduct, because it did not take into consideration the interest that continued to mount on the victim's credit card, the interest that could have been earned on her savings account but for Toogood's conduct, or the impact of psychological injury caused by the offensive conduct.  The PSR also noted that a departure was allowed on a finding of aggravating circumstances of a kind or to a degree not adequately taken into consideration by the guidelines.  The PSR calculated an offense level of 13 and a criminal history category of III for Toogood, corresponding to a guideline range of 18 to 24 months' imprisonment.  The district court denied Toogood's objection to an upward departure and sentenced him to 48 months.

Williamson's PSR set a total offense level of 13, with a criminal history category of IV, for a guideline range of 24 to 30 months' imprisonment.  Williamson's PSR identified the same factors warranting an upward departure, plus the additional factor that his criminal history did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes.  The district court recounted Williamson's lengthy criminal

3

history, noting that the instant offense was "far from the first time" that he had "scam[med] old ladies."  The court sua sponte departed upward pursuant to § 2B.1. and § 5K2.3 and sentenced Williamson to 60 months' imprisonment.

II

Whether a factor is a permissible basis for departure under any circumstances is a question of law.  United States v. Threadgill, 172 F.3d 357, 375 (5th Cir. 1999).  The district court's resolution of whether the departure factors were sufficient to remove the case from the heartland of the applicable guideline must be accorded "substantial deference" because of the district court's "special competence" in determining what is ordinary or unusual.  Id. at 376.  Likewise, this court generally defers to the sentencing court's superior "feel" for the case is determining whether the degree of departure was reasonable.  United States v. Lara, 975 F.2d 1120, 1125 n.3 (5th Cir. 1992)(citation omitted).  This court "will not lightly disturb . . . decisions implicating degrees of departure."  Id.

Toogood and Williamson argue that the district court improperly relied upon its own dissatisfaction with the applicable sentencing range to upwardly depart.  See United States v. McDowell, 109 F.3d 214, 219 (5th Cir. 1997).  To the extent that the district court may have relied upon any impermissible basis of departure, the court's error would be harmless if the district

4

court would have imposed the same sentence even in the absence of the error--that is, if another permissible basis of departure existed. See United States v. Rogers, 126 F.3d 655, 661 (5th Cir. 1997)(citation omitted).

In Williamson's case, the district court had as a separate basis for departure the seriousness of his past criminal conduct and likelihood of recidivism that was not adequately reflected in his criminal history category. The court found that Williamson had made it "his business . . . to go around scamming people" and that he had previously defrauded a 92-year old woman out of $36,900. Because a finding that the criminal history category of a defendant fails to represent the seriousness of a defendant's past criminal conduct is a permissible factor justifying upward departure, we will not interfere with Williamson's sentence under the guidelines. See United States v. Laury, 985 F.2d 1293, 1310 (5th Cir. 1993); U.S.S.G. § 4A1.3 (permitting upward departure if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.").

Upwardly departing in Toogood's case, the court relied upon the psychological injury under U.S.S.G. § 5K2.3 and the fact that the loss determination did not fully capture the harmfulness of the conduct under § 2B1.1. Although it is true that interest income

from the defrauded funds should not be considered as loss in this case under the guidelines, United States v. Henderson, 19 F.3d 917, 928-29 (5th Cir. 1994), the district court noted that the loss attributed to the defendants' conduct did not take into consideration the $300 a month in interest that was being charged to the victim's credit account after the defendants had "raided her savings accounts."  In addition, the district court had before it evidence of psychological harm in this case, where the 83-year old victim was defrauded by the defendants on numerous occasions over a two-month period of time in multiple hand-to-hand transactions. This non-monetary harm can be considered by the district court in departing upward under the guidelines, especially when circumstances make the harm "unusual."  See United States v. Wells, 101 F.3d 370, 374-75 (5th Cir. 1996); United States v. Anderson, 5 F.3d 795 (5th Cir. 1993).  Given the applicable guidelines and the evidence of harm before the district court, and because we afford the "greatest deference" and "will not lightly disturb" the district court's determination of whether an applicable factor is sufficient to warrant upward departure, the judgment of sentence as to both Toogood and Williamson is

A F F I R M E D.